# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**July 26, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

West Virginia Mandatory Continuing Legal Education Commission,
Petitioner

vs.)  No. 13-0170

Woodrow H. Berry, Michael T. Blevins, M. Shannon Brown,
Chad D. Camper, Chad B. Cissel, Jay W. Craig, Jeffrey A.
Davis, Rudolph L. DiTrapano, John Marshall M. Enos,
Sunshine R. Fellows, Donald M. Flack, Scott D. Goldman,
Cord C. Grote, III, Holly W. Hinerman, C. P. Hitson, Jerry W.
Hyatt, Charles A. Jones, III, John A. Kincaid, Jr., W. Kendrick
King, Douglas E. Lamb, Robert A. Loch, Michael V. Marlow,
Derek W. Marsteller, James A. McLaughlin, David J. Mincer,
Alan B. Mollohan, Rico R. Moore, Brenton M. Morehead,
Theodore E. Morgan, Thomas M. Munchmeyer, Mark J. Neff,
Michael F. Niggemyer, S. Ramani Pillai, David A. Riggi, Paul
T. Schemel, Joseph L. Schiavoni, Anthony F. Serreno, Sarah
K. Soja, Robert E. Stennett, James F. Vaughan, Jr., Robert R.
Waters, and Perry W. Woofter, Respondents

## MEMORANDUM DECISION

This is a proceeding instituted by the West Virginia Mandatory Continuing Legal
Education Commission ( Commission )  pursuant to Chapter VII, section 7.4 of the Rules and
Regulations of The West Virginia State Bar, seeking the suspension of the license to practice law
of 111 active members of The West Virginia State Bar who failed to provide proof of
compliance with the rules of this Court concerning mandatory continuing legal education, set
forth in Chapter VII of the Rules and Regulations of The West Virginia State Bar. This Court
issued a rule to show cause on February 27, 2013, returnable on June 4, 2013, why each of the
lawyers should not be suspended from the practice of law for such noncompliance.

Subsequent to issuance of the rule to show cause, sixty-nine respondents provided
satisfactory proof of compliance with mandatory continuing legal education requirements and
were dismissed from the action. Accordingly, the following forty-two respondents remain:
Woodrow H. Berry, Michael T. Blevins, M. Shannon Brown, Chad D. Camper, Chad B. Cissel,
Jay W. Craig, Jeffrey A. Davis, Rudolph L. DiTrapano, John Marshall M. Enos, Sunshine R.
Fellows, Donald M. Flack, Scott D. Goldman, Cord C. Grote, III, Holly W. Hinerman, C. P.
Hitson, Jerry W. Hyatt, Charles A. Jones, III, John A. Kincaid, Jr., W. Kendrick King, Douglas
E. Lamb, Robert A. Loch, Michael V. Marlow, Derek W. Marsteller, James A. McLaughlin,
David J. Mincer, Alan B. Mollohan, Rico R. Moore, Brenton M. Morehead, Theodore E.

Morgan, Thomas M. Munchmeyer, Mark J. Neff, Michael F. Niggemyer, S. Ramani Pillai, David A. Riggi, Paul T. Schemel, Joseph L. Schiavoni, Anthony F. Serreno, Sarah K. Soja, Robert E. Stennett, James F. Vaughan, Jr., Robert R. Waters, and Perry W. Woofter.

Pursuant to Chapter VII of the Rules and Regulations of The West Virginia State Bar, all active members of The West Virginia State Bar were required to complete twenty-four credit hours of approved continuing legal education, with at least three of those credit hours in the topical areas of legal ethics, office management, substance abuse and/or elimination of bias in the legal profession, between July 1, 2010 and June 30, 2012. Active members of The West Virginia State Bar admitted between July 1, 2010 and June 30, 2011 were required to complete twelve approved credit hours, with at least three of those credit hours in the topical areas of legal ethics, office management, substance abuse and/or elimination of bias in the legal profession, prior to June 30, 2012. The Commission required all attorneys to report the completion of such requirements on or before July 31, 2012, by completing a reporting form mailed to all active members of The West Virginia State Bar by the Commission. Members were also able to report credits online.

After the close of the two-year reporting period, on October 8, 2012, pursuant to Chapter VII, section 7.1 of the Rules and Regulations of The West Virginia State Bar, the Commission notified all of the respondents by letter that they were not in compliance with the reporting or minimum continuing legal education requirements, and further specified the manner in which each respondent had failed to comply.

Pursuant to Chapter VII, section 7.2 of the Rules and Regulations of The West Virginia State Bar, the Commission served a second notice upon respondents on January 8, 2013 by certified or registered mail, to the most recent address maintained in the record of The West Virginia State Bar. The second notice again advised each respondent of their noncompliance with the rules governing mandatory continuing legal education. The second notice specifically advised each respondent that the Commission would, after a thirty-day notice period, notify this Court of each respondent s noncompliance, and request that this Court suspend each respondent s license to practice law until such time as each respondent could demonstrate compliance with the mandatory continuing legal education requirements for the 2010 to 2012 reporting period.

Although each respondent had a thirty-day period after issuance of the second notice to demand a hearing before the Commission, none of the respondents requested such a hearing.

Accordingly, on February 25, 2013, as is required by Chapter VII, section 7.4 of the Rules and Regulations of The West Virginia State Bar, the Commission instituted this action.

Upon review of the attachments to the petition, this Court finds that the Commission has complied with all the relevant procedural requirements of Chapter VII, section 7.4 of the Rules and Regulations of The West Virginia State Bar. This Court further finds that the remaining forty-two respondents have failed to provide proof of compliance with the applicable mandatory continuing legal education requirements despite having received numerous notices from the Commission and this Court, and despite having ample opportunity to comply with the requirements.

Accordingly, it is hereby ADJUDGED, ORDERED, and DECREED that the license to practice law in the State of West Virginia of each of the remaining respondents, namely: Woodrow H. Berry, Michael T. Blevins, M. Shannon Brown, Chad D. Camper, Chad B. Cissel, Jay W. Craig, Jeffrey A. Davis, Rudolph L. DiTrapano, John Marshall M. Enos, Sunshine R. Fellows, Donald M. Flack, Scott D. Goldman, Cord C. Grote, III, Holly W. Hinerman, C. P. Hitson, Jerry W. Hyatt, Charles A. Jones, III, John A. Kincaid, Jr., W. Kendrick King, Douglas E. Lamb, Robert A. Loch, Michael V. Marlow, Derek W. Marsteller, James A. McLaughlin, David J. Mincer, Alan B. Mollohan, Rico R. Moore, Brenton M. Morehead, Theodore E. Morgan, Thomas M. Munchmeyer, Mark J. Neff, Michael F. Niggemyer, S. Ramani Pillai, David A. Riggi, Paul T. Schemel, Joseph L. Schiavoni, Anthony F. Serreno, Sarah K. Soja, Robert E. Stennett, James F. Vaughan, Jr., Robert R. Waters, and Perry W. Woofter, be, and hereby are, suspended, **effective immediately**, until such time as respondents shall have complied with the following: (1) the mandatory continuing legal education and reporting requirements set forth in Chapter VII of the Rules and Regulations of The West Virginia State Bar, and (2) the financial penalties or other requirements imposed by the Commission through its Regulations. Upon completion of these requirements to the satisfaction of the Commission, each respondent s license shall be automatically reinstated unless the lawyer is under suspension for another reason or reasons.

It is finally ADJUDGED, ORDERED, and DECREED that the Clerk of the Court give notice of this MEMORANDUM DECISION to each of the forty-two remaining respondents by certified mail, return receipts requested, to the most recent address of each of the respondents maintained on the records of The West Virginia State Bar, and as set forth in the petition filed with this Court on February 25, 2013. The Clerk is further directed to issue the mandate in this action forthwith.

Law Licenses Suspended.

**ISSUED**: July 26, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

STATE OF WEST VIRGINIA

At the Supreme Court of Appeals continued and held at Charleston, Kanawha County, on the 26th day of July, 2013, the following order was made and entered **in vacation**:

West Virginia Mandatory Continuing Legal Education Commission,
Petitioner

vs.)  No. 13-0170

Woodrow H. Berry, Michael T. Blevins, M. Shannon Brown, Chad D. Camper, Chad B. Cissel, Jay W. Craig, Jeffrey A. Davis, Rudolph L. DiTrapano, John Marshall M. Enos, Sunshine R. Fellows, Donald M. Flack, Scott D. Goldman, Cord C. Grote, III, Holly W. Hinerman, C. P. Hitson, Jerry W. Hyatt, Charles A. Jones, III, John A. Kincaid, Jr., W. Kendrick King, Douglas E. Lamb, Robert A. Loch, Michael V. Marlow, Derek W. Marsteller, James A. McLaughlin, David J. Mincer, Alan B. Mollohan, Rico R. Moore, Brenton M. Morehead, Theodore E. Morgan, Thomas M. Munchmeyer, Mark J. Neff, Michael F. Niggemyer, S. Ramani Pillai, David A. Riggi, Paul T. Schemel, Joseph L. Schiavoni, Anthony F. Serreno, Sarah K. Soja, Robert E. Stennett, James F. Vaughan, Jr., Robert R. Waters, and Perry W. Woofter, Respondents


On this day came the Court and issued a prepared memorandum decision in the above-captioned case and directed that the mandate in this action issue forthwith, thereby shortening the time for issuance of the mandate in accordance with Revised Rule 26(b).  Accordingly the Court does hereby order the Clerk to issue the mandate in this action forthwith.


A True Copy

Attest: /s/ Rory L. Perry II, Clerk of Court

STATE OF WEST VIRGINIA

At the Supreme Court of Appeals continued and held at Charleston, Kanawha County, on the 26th day of July, 2013, the following order was made and entered **in vacation**:

West Virginia Mandatory Continuing Legal Education Commission,
Petitioner

vs.) No. 13-0170

Woodrow H. Berry, Michael T. Blevins, M. Shannon Brown, Chad D. Camper, Chad B. Cissel, Jay W. Craig, Jeffrey A. Davis, Rudolph L. DiTrapano, John Marshall M. Enos, Sunshine R. Fellows, Donald M. Flack, Scott D. Goldman, Cord C. Grote, III, Holly W. Hinerman, C. P. Hitson, Jerry W. Hyatt, Charles A. Jones, III, John A. Kincaid, Jr., W. Kendrick King, Douglas E. Lamb, Robert A. Loch, Michael V. Marlow, Derek W. Marsteller, James A. McLaughlin, David J. Mincer, Alan B. Mollohan, Rico R. Moore, Brenton M. Morehead, Theodore E. Morgan, Thomas M. Munchmeyer, Mark J. Neff, Michael F. Niggemyer, S. Ramani Pillai, David A. Riggi, Paul T. Schemel, Joseph L. Schiavoni, Anthony F. Serreno, Sarah K. Soja, Robert E. Stennett, James F. Vaughan, Jr., Robert R. Waters, and Perry W. Woofter, Respondents

MANDATE

The Court on this day issued a memorandum decision suspending the license to practice law in the State of West Virginia of the following respondents named herein, who failed to provide proof of compliance with the rules of this Court concerning mandatory continuing legal education set forth in Chapter VII of The Rules and Regulations of The West Virginia State Bar. It is therefore ordered that the licenses to practice law of Woodrow H. Berry, Michael T. Blevins, M. Shannon Brown, Chad D. Camper, Chad B. Cissel, Jay W. Craig, Jeffrey A. Davis, Rudolph L. DiTrapano, John Marshall M. Enos, Sunshine R. Fellows, Donald M. Flack, Scott D. Goldman, Cord C. Grote, III, Holly W. Hinerman, C. P. Hitson, Jerry W. Hyatt, Charles A. Jones, III, John A. Kincaid, Jr., W. Kendrick King, Douglas E. Lamb, Robert A. Loch, Michael V. Marlow, Derek W. Marsteller, James A. McLaughlin, David J. Mincer, Alan B. Mollohan,

Rico R. Moore, Brenton M. Morehead, Theodore E. Morgan, Thomas M. Munchmeyer, Mark J. Neff, Michael F. Niggemyer, S. Ramani Pillai, David A. Riggi, Paul T. Schemel, Joseph L. Schiavoni, Anthony F. Serreno, Sarah K. Soja, Robert E. Stennett, James F. Vaughan, Jr., Robert R. Waters, and Perry W. Woofter are hereby suspended. As directed in the memorandum decision, the suspensions are effective on this date. It is further ordered that each respondents' license to practice law in the State of West Virginia shall be automatically reinstated at such time as the respondents have complied with said rules unless the respondent is under suspension for another reason or reasons.

A True Copy

Attest: /s/ Rory L. Perry II, Clerk of Court